

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ned McDaniel
County Attorney
Wiohita County
Wiohita Falls, Texas

Dear Sir:

Opinion No. O-1564
Re: May a person who has committed any
of the acts set out in subdivision
4 of Article 1546, Penal Code, prior
to the effeotive date of House Bill
No. 190, the new hot oheok law, be
prosecuted in view of Section 7 of
the new law which expressly repeals
Section 4 of Artiole 1546 of the
Penal Code?

Your request for an opinion on the above stated
question has been received by this department.

Subdivision 4 of Artiole 1546 of the Penal Code
reads as follows:

"The obtaining by any person of any money
or other thing of value with intent to defraud
by the giving or drawing of any oheok, draft or
order upon any bank, person, firm or corpora-
tion with which or with whom such person giving
or drawing said oheok, draft or order has not
at the time of the giving or drawing said oheok,
draft or order, or at the time when in the ordi-
nary course of business such oheok, draft or
order would be presented to the drawee for pay-
ment, sufficient funds to pay same, and no good
reason to believe that such oheok, draft or order
will be paid; provided, that if said oheok,
draft or order is not paid on presentation the
return of same shall be prima facie evidence of
the fraudulent intent of said person drawing or

giving said check; and provided further, that
if such check, draft or order is not paid within
fifteen days after the same is returned unpaid,
it shall be prima facie evidence that no good
reason existed for believing that said check,
draft or order would be paid, and it shall also
be prima facie evidence of intent to defraud
and knowledge of insufficient funds with the
drawee."

Sections 7 and 8 of House Bill No. 190, Acts of
the Forty-sixth Legislature, reads as follows:

Section 7.- "Section 4 of Article 1546 of
the Penal Code of the State of Texas as revised
in 1925 be, and the same is hereby repealed."

Section 8.- "If any section, subsection,
clause, phrase of this Act is for any reason
held to be unconstitutional and invalid, such
decision shall not affect the validity of the
remaining portions of this Act. The Legislature
hereby declares that it would have passed this
Act in each section, subsection, clause, phrase
or sentence thereof irrespective of the fact
that one or more of the sections, subsections,
clauses, phrases or sentences be declared uncon-
stitutional."

Article 14 of Vernon's Penal Code reads as fol-
lows:

"The repeal of a law where the repealing
statute substitutes no other penalty will exempt
from punishment all persons who may have violat-
ed such repealed law, unless it be otherwise de-
clared in the repealing statute."

As a rule, no one can be punished for an offense
except by virtue of a law in force as to the offense in
question at the time of the trial of the offender.

GREER v. STATE, 22 Texas 588;
TEX. JUR., Vol. 12, p. 243.

Article 14, Penal Code, supra, provides that

Hon. Ned McDaniel, page 3

upon repeal of a law, if the repealing statute substitutes no other penalty, this exempts from punishment all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute." An examination of House Bill No. 190, Acts of the Forty-sixth Legislature, reveals that subdivision 4 of Article 1546 of the Penal Code was expressly repealed and that said repealing act substitutes no penalties and makes no provision for the further prosecution or punishment of those persons whose cases had not been finally disposed of at the time of the passage of House Bill No. 190, Acts of the Forty-sixth Legislature, either upon the dockets of the Court of Criminal Appeals or those of any trial courts of this State wherein the accused stands charged with the violation of subdivision 4, Article 1546 of the Penal Code.

    The cases of
WALL v. STATE, 18 Texas 682;
CHAPLIN v. STATE, 7 Criminal Reports 87;
THOMAS v. STATE, 3 Criminal Reports 112;
MONTGOMERY v. STATE, 2 Criminal Reports 618,

and numerous other cases, which we do not deem necessary to cite here, holds in effect that pending prosecutions based upon a repealed statute abate and will be dismissed where the repealing statute contains no saving clause. This is true, for example, where the repealing statute takes effect after the conviction of the offender, but before the judgment against him becomes final, and where it takes effect pending an appeal from a judgment of conviction, or pending a motion for rehearing in the appellate court. But a person convicted under a repealed statute is not discharged where the repealing statute does not take effect until after a final judgment of conviction.

    Violations of a law which is thereafter repealed may be punished only where such is the declared legislative intention. See the cases of

    CHAPLIN v. STATE, 7 Criminal Reports 87;
    TEX. JUR., Vol. 12, p. 246.

    As above stated House Bill No. 190, Acts of the

Forty-sixth Legislature, specifically repealed subdivision 4 of Article 1546 of the Penal Code, and makes no provision for the further prosecution or punishment of those persons whose cases had not been finally disposed of at the time of the effective date of House Bill No. 190, supra. See the cases of

MEADOWS v. STATE, 88 S.W. (2d) 481;
GRIFFIN v. STATE, 93 S.W. (2d) 1152;

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that any person who has committed any of the acts or offenses set out in subdivision 4 of Article 1546 of the Penal Code prior to the effective date of House Bill No. 190, Acts of the Forty-sixth Legislature, cannot now be prosecuted.

Trusting that the above fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED NOV 17, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN